USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/17/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YHANKA VERAS,

Plaintiffs,

-against-

NYC DEPARTMENT OF EDUCATION; JAVIER
TREJO; MANUEL VIDAL RAMIREZ,

Defendants.

22-CV-0056 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, the

Rehabilitation Act of 1973, and the New York State and City Human Rights Laws, alleging that

her former employer discriminated against her based on her religion, sex, and disability. By order

dated February 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*

(IFP).

## DISCUSSION

**A.      Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that summonses and the complaint be served within

90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint until the Court reviewed the complaint and ordered that

summonses be issued. The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the New York City Department of Education, Javier Trejo, and Manuel Vidal Ramirez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Request for Counsel**

Plaintiff filed her complaint with an application for the Court to request *pro bono* counsel. (ECF No. 3.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's request for counsel is denied without prejudice to renewal at a later date.

**CONCLUSION**

The Clerk of Court is instructed to issue summonses for New York City Department of Education, Javier Trejo, and Manuel Vidal Ramirez, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff's request for counsel, ECF No. 3, is denied without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   February 17, 2022
         New York, New York

_____
VALERIE CAPRONI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      New York City Department of Education
        52 Chambers Street, Room 308
        New York, New York 10007

2.      Javier Trejo
        High School for Health Careers and Science
        549 Audobon Avenue
        New York, New York 10040

3.      Manuel Vidal Ramirez
        4360 Broadway
        New York, New York 10034