UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YHANKA VERAS,<br><br>        Plaintiff,<br><br>  -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION et al.,<br><br>        Defendants. | 22-cv-00056 (JLR)(SN)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff commenced this action on January 4, 2022. See ECF No. 2. On September 2, 2022, Plaintiff filed the First Amended Complaint, seeking damages for violations of Title VII of the Civil Rights Act, the Rehabilitation Act of 1973, Title I of the Americans with Disabilities Act ("ADA"), the New York City Human Rights Law ("NYCHRL"), New York State Human Rights Law ("NYSHRL"), and for claims of sexual harassment and negligent infliction of emotional distress. *See generally* ECF No. 30 ("Am. Compl."). Plaintiff alleges that her employers – Defendants New York City Department of Education ("NYC DOE"), Principal Javier Trejo, and Superintendent Manuel Vidal Ramirez[1] – retaliated against her for raising complaints about failure to accommodate her disability and harassment. *Id.* Plaintiff claims that the Defendants retaliated against her by not offering her a job for which she was qualified and instead transferring her to another school that significantly lengthened her commute. *Id.* Plaintiff further alleges that Defendants failed to accommodate her disability, allowed employees to harass Plaintiff based on her religion and sex, and were negligent in

---

[1] Principal Javier Trejo and Superintend Manual Vida Ramirez will be collectively identified as the "Individual Defendants."

allowing a work environment to exist where hostile behavior became so serious that Plaintiff's health deteriorated. *Id*.

Currently pending before the Court is Defendants' motion to dismiss the First Amended Complaint under Federal Rules of Civil Procedure ("Rule") 12(b)(6). *See* ECF No. 39. Magistrate Judge Sarah Netburn issued a Report and Recommendation on January 10, 2023 (the "Report"), recommending that Defendant's motion to dismiss under Rule 12(b)(6) be granted with prejudice with respect to Title VII and ADA claims against the Individual Defendants, and without prejudice with respect to all other claims. The Report recommended allowing Plaintiff leave to file a Second Amended Complaint that did not include the Title VII and ADA claims against the Individual Defendants. *See* ECF No. 58 at 9. The Report warned, after a bolded heading, that failure to timely object would result in waiver of the right to object and preclude appellate review. *See id.* at 10. Neither party has filed any objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record."). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the

party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, neither party has objected to the Report. The Court has therefore reviewed the Report for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous. Accordingly, the Court adopts the thorough and well-reasoned Report in its entirety. Plaintiff shall file an amended complaint, if any, by **February 22, 2023**.

The lack of any timely objections, in light of the clear notice provided in the Report, precludes appellate review of this decision. *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

Dated: January 25, 2023
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge