UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YHANKA VERAS,<br><br>       Plaintiff,<br><br>    -against-<br><br>NEW YORK CITY DEPARTMENT OF<br>EDUCATION et al.,<br><br>       Defendants. | No. 1:22-cv-00056 (JLR) (SN)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Yhanka Veras ("Plaintiff") brings this action against the New York City Department of Education (the "DOE"), Principal Javier Trejo, Superintendent Manuel Vidal Ramirez, Yvette Abbott, and Salvador Fortunato (collectively, "Defendants"). *See* ECF No. 72 ("SAC" or the "Second Amended Complaint"). After Defendants moved to dismiss the Second Amended Complaint, Judge Netburn issued a report and recommendation on August 24, 2023, recommending that the Court dismiss the Second Amended Complaint in its entirety and deny leave to further amend. ECF No. 126 (the "R&R"). Plaintiff objects to the R&R. ECF No. 133 ("Obj." or the "Objections").

For the following reasons, the Court overrules Plaintiff's objections and dismisses the Second Amended Complaint without leave to amend.

## BACKGROUND

The Court presumes familiarity with the factual allegations in this case, which are recounted in Judge Netburn's previous report and recommendation, *see Veras v. N.Y.C. Dep't of Educ.*, No. 22-cv-00056 (JLR) (SN), 2023 WL 400163, at *1-2 (S.D.N.Y. Jan. 10, 2023) ("*Veras I*"), *report and recommendation adopted*, 2023 WL 414137 (S.D.N.Y. Jan. 25, 2023), and further elaborated upon in the more recent R&R.

The Court briefly recounts the procedural history of this case.  Plaintiff commenced this action on January 4, 2022, ECF No. 2, and the DOE, Trejo, and Martinez filed a motion to dismiss on July 5, 2022, ECF No. 19.[1]  After receiving leave to amend, ECF No. 27, Plaintiff filed her first amended complaint on September 2, 2022, ECF No. 30, and the Court denied the then-pending motion to dismiss as moot, ECF No. 42.  The DOE, Trejo, and Martinez then moved to dismiss the first amended complaint on October 13, 2022.  ECF No. 39.  Judge Netburn issued a report and recommendation on January 10, 2023, recommending that the Court grant the motion to dismiss with leave for Plaintiff to file a second amended complaint.  *Veras I*, 2023 WL 414137.  The Court adopted this recommendation, ECF No. 59, and Plaintiff filed the Second Amended Complaint on February 13, 2023, SAC.  Defendants moved to dismiss the Second Amended Complaint on March 29, 2023.  ECF Nos. 92-93.  Plaintiff opposed the motion on March 31, 2023.  ECF No. 94.  Defendants replied in support of their motion on April 7, 2023.  ECF No. 97.  On August 24, 2023, Judge Netburn issued a report and recommendation recommending that the Court dismiss the Second Amended Complaint in its entirety and deny leave for further amendment.  R&R.  Plaintiff objected to the R&R on August 31, 2023.  Obj.  Defendants opposed Plaintiff's objections on September 14, 2023.  ECF No. 139 ("Opp.").

## STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "To the extent, however, that the party makes only

---

[1] Abbott and Fortunato were not named as defendants in this action until the filing of the Second Amended Complaint.

conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018). "Objections of this sort are frivolous, general[,] and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quotation marks and citation omitted). "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-04394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (citation omitted). "Moreover, parties may not raise new arguments for the first time in objections to a report and recommendation." *Erickson v. Jernigan Cap., Inc.*, 692 F. Supp. 3d 114, 120 (S.D.N.Y. 2023).

## DISCUSSION

Plaintiff brought five causes of action in her Second Amended Complaint: (1) discrimination based on religion and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) disability discrimination in violation of the Rehabilitation Act of 1973 (the "Rehabilitation Act") and the Americans with Disabilities Act of 1990 (the "ADA"); (3) discrimination based on religion, sex, and disability in violation of the New York State Human Rights Law (the "NYSHRL") and the New York City Human Rights Law (the "NYCHRL"); (4) sexual harassment resulting in a hostile work environment; and (5) negligent infliction of emotional distress. SAC ¶¶ 53-57.

Judge Netburn recommended dismissal of all of Plaintiff's discrimination claims because Plaintiff failed to adequately allege facts supporting an inference of discriminatory intent. *See* R&R at 3-5. Judge Netburn further recommended dismissal of Plaintiff's sexual-

harassment claim because the Second Amended Complaint fails to allege more than episodic misconduct, which is insufficient to establish a hostile work environment. *See id.* at 5-6. Finally, Judge Netburn recommended dismissal of the claim for negligent infliction of emotional distress because the Second Amended Complaint does not allege extreme or outrageous conduct as necessary to plead such a claim. *See id.* at 6.

Plaintiff objects to the R&R's recommendations to dismiss each of her claims. Further, as explained in more detail herein, Plaintiff asserts that she additionally brought a claim for retaliation, even though it is not listed as one of her causes of action. Although many of Plaintiff's objections simply rehash arguments presented to Judge Netburn, the Court will nonetheless analyze them *de novo*. For the reasons set forth below, the Court finds Plaintiff's objections to be without merit.

## I.    Discrimination Claims

Plaintiff's first three causes of action allege discrimination based on religion, sex, and disability, in violation of Title VII, the Rehabilitation Act, the ADA, the NYSHRL, and the NYCHRL. SAC ¶¶ 53-55. The Court agrees with the R&R's recommendation that these claims should be dismissed because the Second Amended Complaint does not plausibly allege that Defendants acted with discriminatory intent, a necessary element for each of these claims. *See* R&R at 3-5. For the following reasons, none of Plaintiff's objections has merit.

### A.  Discriminatory Intent Under the Applicable Statutes

Plaintiff asserts that a "general error in [the R&R] is that it ignores that discriminatory intent, as an evidential standard, differs for the various claims: retaliation, sexual harassment, adverse action, hostile work environment, and negligent emotional infliction. The proof of 'discriminatory intent,' varies depending on the claim discussed." Obj. at 9. The Court overrules this objection.

To be sure, causes of action for discrimination based on religion, sex, and disability brought under Title VII, the Rehabilitation Act, the ADA, the NYSHRL, and the NYCHRL do not share *all* elements in common.  *See, e.g.*, *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) ("[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." (quotation marks and citations omitted)).  However, a plaintiff asserting a cause of action for discrimination under any of these statutes must plead facts sufficient to support an inference of discriminatory intent and the Second Amended Complaint lacks plausible allegations of discriminatory intent sufficient to satisfy any of these statutes.  *See Novick v. Village of Wappingers Falls*, 376 F. Supp. 3d 318, 337 (S.D.N.Y. 2019) (a plaintiff bringing a cause of action for discrimination under the ADA based on a failure to accommodate a disability "must plead sufficient facts to raise the inference that the failure was motivated by discriminatory intent" (quotation marks and citation omitted)); *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) (standards for a discrimination claim under the Rehabilitation Act are "generally the same" as those for a discrimination claim under the ADA); *Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 328 (S.D.N.Y. 2020) (to allege discrimination under Title VII and the NYSHRL, "a complaint must plead facts supporting a minimal inference that the employer's adverse action was motivated by the alleged discrimination" (quotation marks and citation omitted)); *Hamburg v. N.Y. Univ. Sch. of Med.*, 62 N.Y.S.3d 26, 33 (1st Dep't 2017) (to make out a *prima facie* case of discrimination under NYCHRL, a "plaintiff must show that," among other things, "the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (citation omitted)).  Thus, this objection is without merit.

### B. Plausibility of Plaintiff's Allegations

Plaintiff next argues that she adequately pleaded her discrimination causes of action because she pleaded "that she was denied disability accommodation, [and] she was denied promotion based on religion and sex." Obj. at 6.[2] She argues that "[t]hese are the facts recited in the SAC, regardless of how Judge Netburn views them personally" and that "what is plausible under *Iqbal* is central." *Id.* at 6-7 (further emphasis omitted). Relatedly, Plaintiff argues that Judge Netburn "put the cart before the horse, because the totality of facts is not in Ms. Veras's custody pre-discovery." *Id.* at 9.

As explained above, each discrimination cause of action alleged by Plaintiff requires her to plead facts sufficient to support an inference of discrimination. "An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (quotation marks and citation omitted). For the following reasons, the Court agrees with Judge Netburn that Plaintiff has failed to allege facts supporting an inference of discrimination based on disability

---

[2] Plaintiff made no specific factual allegations regarding sex discrimination. She merely alleges that she is "a Dominican American woman" and that she was discriminated against "[a]s a result of her religious practice and being a woman." SAC ¶ 22. Such a cursory reference with no substantive factual allegations in support is plainly insufficient to state a claim for sex discrimination. *See, e.g.*, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam) (district court properly dismissed Title VII sex-discrimination claim where the complaint did not "allege that [the plaintiff] was subject to any specific gender-based adverse employment action" or "set forth any factual circumstances from which a gender-based motivation for such an action might be inferred"). The Court will therefore assume that Plaintiff's allegations related to her sex and alleged sexual harassment relate only to her sexual-harassment claim, discussed later in this opinion.

and religion.  Accordingly, the Court overrules Plaintiff's objections related to the plausibility of her allegations.

### 1.  Discrimination Based on Disability

In support of her disability-discrimination claims, Plaintiff alleges that she "suffers from the following illnesses: arthritis, epilepsy, hard of hearing, Brain tumors, leg brace, asthma, Type 2 diabetes, HTN, Bipolar, and MS," that she "walks with a cane or walker depending on the distance," and that "Defendants were always aware of [her] disability and the need for accommodation."  SAC ¶ 27 (emphasis omitted).  She further alleges that she was transferred to a new school, which "is not accessible for Ms. Veras . . . due to her medical condition(s)" and "does not have an elevator rump [sic] or tunnel for example."  *Id.* ¶ 46.  She asserts that the transfer was "retaliation for previous complaints [that] Ms. Veras had made regarding disability accommodations."  *Id.* ¶ 50.

These vague and conclusory assertions are not enough to plausibly allege discriminatory intent on behalf of Defendants.  Plaintiff does not allege any specific accommodations that she requested from Defendants, when or how Defendants refused any requested accommodations, any specific complaints that she made regarding disability accommodations, that Defendants made disparaging comments towards her based on her disability, or whether Defendants treated any specific non-disabled employees more favorably than Plaintiff.  *See Wein v. N.Y.C. Dep't of Educ.*, No. 18-cv-11141 (PAE), 2020 WL 4903997, at *13 (S.D.N.Y. Aug. 19, 2020) (no discriminatory animus shown when plaintiff failed to show that defendants "ever criticized" the plaintiff "in discriminatory terms" based on his disability, "made any invidious comments about [the plaintiff] or any other disabled persons, or treated non-disabled employees more favorably than [the plaintiff]" (quotation marks and citation omitted)).  Plaintiff has therefore failed to adequately allege facts

supporting an inference of discriminatory intent that could support her discrimination claims under the ADA and the Rehabilitation Act.

Plaintiff appears to argue that Judge Netburn did not accept as true that Plaintiff is disabled. *See* Obj. at 3-5, 10. Plaintiff states that Judge Netburn "does not discus[s] Veras['s] disability in [the R&R] as a subjective factor." *Id.* at 3; *see also id.* (Plaintiff asserting that she "need not cite caselaw to the known accepted fact that in our American society and ethos, we offer accommodations towards disabled people, both physically and mentally; Judge Netburn should not be the exception of empathy and kindness"). Plaintiff further states that the R&R "does [not] even once allude to Ms. Veras'[s] subjective condition and disability." *Id.* at 10. The Court overrules this objection. Whether Plaintiff adequately alleged that she is disabled is relevant to a separate element of her ADA and Rehabilitation Act claims. *See Wein*, 2020 WL 4903997, at *12 (to establish a *prima facie* case of discrimination under the ADA or the Rehabilitation Act, the plaintiff must show that she "was disabled within the meaning of the ADA or Rehabilitation Act" (brackets and citation omitted)). Even if Plaintiff has adequately pleaded that she was disabled, she fails to allege the separate element of discriminatory intent.

Plaintiff also objects that "in her deposition in which Ms. Veras stated more facts, she now remembers due to her disability (two tumours [sic]) the issue of stolen property – Ms. Veras further states that she reported stolen furniture to Principal Triego, and that was ignored." Obj. at 7-8. To begin with, Plaintiff – especially given that she is represented by counsel – cannot simply attach to the Objections a complete deposition that she provided in an attempt to cure any pleading deficiencies in the Second Amended Complaint. *Cf. Germain v. Nielsen Consumer LLC*, 655 F. Supp. 3d 164, 184 n.6 (S.D.N.Y. 2023) ("One cannot amend a pleading through an opposition."). In any event, the facts cited by Plaintiff in the Objections

8

were already pleaded in the Second Amended Complaint and do not give rise to an inference of discrimination. *See* SAC ¶ 32 (Plaintiff alleging that she "saw furniture being removed from the school . . . and suspected that it was being stolen. She texted congressman Adriano Espaillat about the removal of furniture; but he never responded. This . . . provided further motive for discrimination towards her and her disability weaponized against her"). That Plaintiff reported stolen furniture to a congressperson and was ignored does not support an inference of discriminatory intent against her due to her alleged disability (or other protected characteristics) by Defendants because it is not plausibly related to her disability (or other protected characteristics). *See Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431, 437 (S.D.N.Y. 2015) (considering "only" the allegations that "relate in any way to Plaintiff's [protected characteristic]" and disregarding the other "number of allegations" when analyzing whether Plaintiff adequately alleged an inference of discrimination).

### 2. Discrimination Based on Religion

The only specific fact alleged as religious discrimination in the Second Amended Complaint is that on an unspecified date, an unidentified "co-worker told [Plaintiff] to 'change her perfume because it was associated with witchcraft.'" SAC ¶ 22. One isolated comment by an unspecified colleague, which does not obviously concern Plaintiff's religion, does not plausibly give rise to an inference of discrimination on behalf of Defendants. *See, e.g.*, *Makhsudova v. City of New York*, No. 20-cv-10728 (KPF), 2022 WL 1571152, at *7 (S.D.N.Y. May 18, 2022) (discriminatory intent not adequately pleaded when the plaintiff pleaded that her supervisor made stray discriminatory comments to her).

Plaintiff further alleged that "she was subject to . . . disparate treatment" "[a]s a result of her religious practice." SAC ¶ 22. This bald assertion also does not save her claim because Plaintiff fails to allege that "she was similarly situated in all material respects to the

individuals with whom she seeks to compare herself." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (quotation marks and citation omitted); *cf. Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229-30 (2d Cir. 2014) (specifically identified employees, who shared the same supervisor and therefore were subject to the same performance and disciplinary standards as plaintiff, but were not members of plaintiff's protected group, were adequately alleged to be similarly situated to plaintiff in their employment circumstances).[3]

### C. Adverse Employment Action

Plaintiff argues that she adequately pleaded that she sustained an adverse employment action. *See* Obj. at 10-11.  An adverse employment action is a separate element of the discrimination claims.  *See, e.g.*, *Farmer*, 473 F. Supp. 3d at 330 (identifying elements of discrimination causes of action under Title VII and NYSHRL); *Wein*, 2020 WL 4903997, at *12 (same for ADA and Rehabilitation Act); *Hamburg*, 62 N.Y.S.3d at 33 (same for NYCHRL).  Therefore, regardless of whether an adverse action has been adequately pleaded, Plaintiff failed to adequately allege the separate element of discriminatory intent.

### D. Notice of Plaintiff's NYSHRL and NYCHRL Claims

Plaintiff next objects that "Judge Netburn does not discuss the human rights claims; but these claims survive dismissal because . . . [t]he city had formal advance notice of the claims before the[y] were filed." Obj. at 18.  The Court overrules this objection.  Regardless

---

[3] Plaintiff's allegations regarding her status as a union representative, *see* SAC ¶ 6 (asserting animus against Plaintiff due to her status as a union representative), do not plausibly relate to her disability and religion and therefore also do not support an inference of discriminatory intent due to her disability and religion, *see Brodt v. City of New York*, 4 F. Supp. 3d 562, 569 (S.D.N.Y. 2014) (no inference of religious discrimination plausibly alleged when plaintiff alleged that employer commented on fact that plaintiff had nine children but did not allege that derogatory terms were used to link the plaintiff's religion with the size of his family); *Mesias*, 106 F. Supp. 3d at 437 (disregarding allegations that did not relate to the plaintiff's protected characteristic when analyzing whether plaintiff adequately alleged an inference of discrimination).

of whether Plaintiff provided the requisite advance notice of her state and city human rights law claims, the discrimination claims are dismissed because Plaintiff failed to adequately allege discriminatory intent.

*          *          *

The Court previously pointed out Plaintiff's failure to plead facts that plausibly support an inference of discriminatory intent in connection with her First Amended Complaint, *see Veras I*, 2023 WL 400163, at *3, and Plaintiff continues to fail to plead such facts in her Second Amended Complaint. Thus, Plaintiff's objections are overruled and her discrimination causes of action are dismissed.

## II.  Sexual Harassment

Plaintiff's fourth cause of action alleges sexual harassment through a hostile work environment. SAC ¶ 56. In support of this cause of action, Plaintiff alleges that Salvador Fortunato "humped [by simulating intercourse with an inanimate object] in her presence" and "stuck this [sic] tongue out." *Id.* ¶ 51 (footnote omitted). Plaintiff further alleges that Defendants condoned this harassment. *Id.* ¶ 52. The R&R recommends dismissing this cause of action because the Second Amended Complaint fails to allege more than episodic misconduct, which is insufficient to establish a hostile work environment. *See* R&R at 5-6.

Plaintiff "categorical[ly] disagrees with the characterization in Judge Netburn's [R&R] . . . that the occurrences are too sporadic." Obj. at 17. Plaintiff asserts that "the assimilation [sic] of sex (Fortunato); like rape itself, even when done once, is unacceptable and creates a lasting hostile work environment. . . . [O]ne does not need to be raped several times for the singular count to be an inherently punishable crime." *Id.* (footnote omitted).

This Court finds Plaintiff's arguments unpersuasive. Allegations that a co-worker stuck out his tongue on one occasion and on another occasion motioned against an object in a

11

suggestive manner are insufficient to plead a plausible claim for a hostile work environment. While it is true that "even a single act can meet the threshold if, by itself, it can and does work a transformation of the plaintiff's workplace," the present allegations do not rise to that level. *Alfano v. Costello*, 294 F.3d. 365, 374 (2d Cir. 2002); *cf. Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995) (a single sexual assault in the workplace may be sufficient to alter the terms and conditions of victim's employment), *abrogated on other grounds as recognized by Ferris v. Delta Air Lines*, 277 F.3d 128, 136 (2d Cir. 2001). Plaintiff's comparison of the alleged conduct to rape is inapposite (and offensive).

Plaintiff next argues that "the condoning of sexual harassment in the workplace[] proves that a hostile [work] environment [exists] because employer received notice and refused to do anything." Obj. at 17. Given the episodic nature of the two alleged instances of objectionable conduct, the employer's failure to take action does not rise to the level of pervasive conduct. *See Alfano*, 294 F.3d at 374 ("[I]ncidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." (quotation marks and citation omitted)).

Plaintiff recognizes that the Second Circuit has previously explained that a hostile-work-environment claim requires a showing of conduct that is "sufficiently continuous and concerted in order to be deemed pervasive." Obj. at 16 (quoting *Alfano*, 294 F.3d at 374). Plaintiff argues, however, that she should be afforded an exception to this requirement because she is "a disabled person who pleads the limited recollection due to memory issues caused by brain tumours [sic] of sexual harassment." *Id.* The Court sympathizes with Plaintiff's reported condition and wishes her good health. However, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff has had multiple opportunities to

amend her complaint and has still been unable to identify factual allegations of sexual

harassment sufficient to plead a sexual-harassment-based hostile-work-environment claim

under Title VII.

In sum, Plaintiff's objections as to her claim for hostile work environment due to

sexual harassment are overruled.  This cause of action is dismissed.

### III.    Negligent Infliction of Emotional Distress

Plaintiff's fifth cause of action alleges negligent infliction of emotional distress.  SAC

¶ 57.  In support of this cause of action, Plaintiff alleges that "[t]hrough defendants' negligent

actions of ridicule, slurs, and hostile work environment towards plaintiff, Ms. Veras, she

developed a second brain tumour [sic], and her overall mental and physical health started to

deteriorate because of her forced removal from [her previous school assignment].  Defendants

owed Ms. Veras a duty of care and that duty was violated when the workspace became hostile

and oppressive towards Ms. Veras.  Defendants negligently caused Ms. Veras'[s] mental

stress."  *Id.*  The R&R recommends dismissing this cause of action because the very few

factual allegations asserted by Plaintiff fall "far short of the standard for extreme and

outrageous conduct" that Judge Netburn believed to be required to state a claim for negligent

infliction of emotional distress under New York law.  R&R at 6 (quoting *Veras I*, 2023 WL

400163, at *8).

On this point of law, the R&R appears to be mistaken.  The courts of the Appellate

Division of the Supreme Court of New York have more recently clarified that "extreme and

outrageous conduct is not an essential element of a cause of action to recover damages for

negligent infliction of emotional distress." *Brown v. N.Y. Design Ctr., Inc.*, 185 N.Y.S.3d 97,

102 (1st Dep't 2023); *accord Doe v. Langer*, 171 N.Y.S.3d 594, 600 (3d Dep't 2022) (noting

that, unlike for claims of intentional infliction of emotional distress, the Court of Appeals has

not stated that extreme and outrageous conduct is an essential element of a claim for negligent infliction of emotional distress, and therefore holding that "extreme and outrageous conduct is not an essential element of a cause of action to recover damages for negligent infliction of emotional distress"); *Stephanie L. v. House of the Good Shepherd*, 129 N.Y.S.3d 570, 577 (4th Dep't 2020) (same holding); *Taggart v. Costabile*, 14 N.Y.S.3d 388, 398 (2d Dep't 2015) (comprehensively reviewing case law and explaining how, despite some cases that misarticulate the standard, the Court of Appeals' formulation of the cause of action for negligent infliction of emotional distress "makes no mention of extreme and outrageous conduct" and therefore "extreme and outrageous conduct is not an essential element of a cause of action to recover damages for negligent infliction of emotional distress"); *see Rosenberg v. Metlife, Inc.*, 453 F.3d 122, 125-26 (2d Cir. 2006) ("While we are not strictly bound by the decisions of the Appellate Division, it is nevertheless a well-established principle that the ruling of an intermediate appellate state court is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." (brackets, quotation marks, and citation omitted)).  Thus, the elements of a cause of action for negligent infliction of emotional distress are as follows: "[1] a breach of the duty of care resulting directly in [2] emotional harm . . . [3] when the mental injury is a direct, rather than a consequential, result of the breach and [4] when the claim possesses some guarantee of genuineness." *Taggart*, 14 N.Y.S.3d at 396 (original brackets omitted) (quoting *Ornstein v. N.Y.C. Health & Hosps. Corp*, 881 N.E.2d 1187, 1189 (N.Y. 2008)).

Even without requiring Plaintiff to establish extreme and outrageous conduct, the Court concludes that Plaintiff fails to state a claim for negligent infliction of emotional distress under New York law.  *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d

14

Cir. 2006) (a reviewing court is "free to affirm a decision on any grounds supported in the record, even if it is not one on which the [lower] court relied").  The final element – that is, "when the claim [of emotional distress] possesses some guarantee of genuineness" – "may be satisfied where the particular type of negligence is recognized as providing an assurance of genuineness, as in cases involving the mishandling of a corpse or the transmission of false information that a parent or child had died." *Taggart*, 14 N.Y.S.3d at 396 (citation omitted). "However, in the absence of such specific circumstances, the guarantee of genuineness generally requires that the breach of the duty owed directly to the injured party must have at least endangered the plaintiff's physical safety or caused the plaintiff to fear for his or her own physical safety." *Id.* (quotation marks and citation omitted); *accord Langer*, 171 N.Y.S.3d at 599-600.  This is a high bar to clear due to "policy concerns that recovery for emotional damages would open a wide door not only to fictitious claims, but to litigation in the field of trivialities and mere bad manners." *Taggart*, 14 N.Y.S.3d at 396 (ellipsis, quotation marks, and citation omitted).

Here, Plaintiff alleges that Defendants took "negligent actions of ridicule, slurs, and hostile work environment," and that she was forced to move school assignments.  SAC ¶ 57. As a threshold matter, generalized assertions of ridicule, slurs and a hostile work environment are bare conclusory statements and are not sufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Plaintiff's remaining allegation – that Defendants negligently inflicted emotional distress by changing her school assignment – did not cause Plaintiff to fear for her physical safety and otherwise falls far below the bar of actions supporting a "guarantee of genuineness" of the emotional injury.  This cause of action is therefore dismissed.

**IV.    Plaintiff's Retaliation "Claim"**

Plaintiff is somewhat unclear as to her purported retaliation claim – she appears to argue on the one hand that she "has plead[ed] a valid claim for retaliation," Obj. at 12, and on the other hand that she would like leave to file a third amended complaint to "pointedly add a 'Retaliation' claim," *id.* at 20 (footnote omitted).  The R&R did not address a retaliation claim in the Second Amended Complaint, presumably because Plaintiff did not clearly include a cause of action for retaliation in the Second Amended Complaint.  *See* SAC ¶¶ 53-57.  However, the Second Amended Complaint does include some allegations that refer to retaliation.  *See, e.g.*, *id.* ¶¶ 36-37.  Therefore, the Court will evaluate Plaintiff's retaliation claim – to the extent that any such claim has been pleaded – in the Second Amended Complaint.

To establish a *prima facie* case of retaliation under Title VII, the ADA, the Rehabilitation Act, and the NYSHRL, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action."  *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (citation omitted) (Title VII and NYSHRL); *Garcia v. NYC Health & Hosps. Corp.*, No. 19-cv-00997 (PAE), 2019 WL 6878729, at *12 (S.D.N.Y. Dec. 17, 2019) ("Courts in this Circuit apply the Title VII retaliation test to ADA claims of retaliation."); *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (the "elements of a retaliation claim under [the] Rehabilitation Act are same as under the ADA").  "To prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action."  *Mihalik*, 715 F.3d at 112 (citation omitted).

Plaintiff alleges that her school assignment transfer was in "retaliation for previous complaints [that] Ms. Veras had made regarding disability accommodations . . . , religious practice, as well as sexual harassment." SAC ¶ 49. However, Plaintiff's Second Amended Complaint does not identify a single complaint that she made regarding disability accommodation, religious practice, or sexual harassment. Indeed, Plaintiff failed to so allege even after the Court identified this deficiency in the report and recommendation on the previous motion to dismiss in this action. *See Veras I*, 2023 WL 400163, at *3 ("Plaintiff . . . does not identify a single complaint that she lodged at any time in her two-decade career with DOE, much less any evidence that Defendants transferred her for a discriminatory purpose."). Because Plaintiff has failed to plausibly allege her participation in any protected activity, or any action that she took opposing her employer's discrimination, her purported retaliation claims are dismissed.

## V.    Leave to Amend

Finally, as mentioned, Plaintiff requests leave to amend the Second Amended Complaint generally and to add a retaliation claim. *See* Obj. at 20. Judge Netburn recommended denying leave to amend. *See* R&R at 7.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend," *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (citation omitted), and "a district court may properly deny leave when amendment would be futile," *Jones v. N.Y. State Div. of Mil. & Naval Affs.*, 166 F.3d 45, 50 (2d Cir. 1999).

The Court first addresses Plaintiff's request to amend the Second Amended Complaint to "pointedly" add a retaliation claim. Obj. at 20. For the first time in the Objections,

17

Plaintiff asserts that she engaged in protected activity by filing an internal "complaint" in June 2019, before the DOE allegedly retaliated against her by transferring her to a new school in July 2019.  *See* Obj. at 5; SAC ¶ 13 (identifying her "forced transfer" as taking place in July 2019).[4]  However, Plaintiff's own testimony during her *de bene esse* deposition, attached to the Objections, makes clear that the "complaint" she filed in June 2019 related to an incident when (according to Plaintiff) "Mr. Fortunato cursed [Plaintiff] out in the hallway," "said a lot of bad words to" Plaintiff, and "asked [Plaintiff] to move from a place that [Plaintiff] was assigned to be by [her] supervisor."  ECF No. 133-2 at 15:12-16:20. Plaintiff's filing of a complaint against a co-worker for using curse words and requesting that Plaintiff move from where she was standing, while perhaps an unpleasant workplace event, does not rise to the level of a protected activity because it does not plausibly refer to an action taken to protest or oppose statutorily prohibited discrimination.  *See Farmer*, 473 F. Supp. 3d at 331 ("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." (citation omitted)); *Mihalik*, 715 F.3d at 112 ("[T]o prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action *opposing her employer's discrimination*." (emphasis added)).  Therefore, an amendment to add these allegations would be futile.

---

[4] Plaintiff also asserts that she filed "a complaint with the Human [R]ights Office" in August 2019.  Obj. at 5.  Since that action was taken after Defendants allegedly retaliated against Plaintiff by transferring her, it cannot be protected activity supporting a retaliation claim.  *See, e.g.*, *Farmer*, 473 F. Supp. 3d at 330 (to establish a *prima facie* case of retaliation under Title VII, the plaintiff must establish that she participated in a protected activity and "that her employer *thereafter* subjected her to a materially adverse employment action" (emphasis added; citation omitted)); *Mihalik*, 715 F.3d at 112 (to establish a cause of action for retaliation under the NYCHRL, "the plaintiff must show that she took an action opposing her employer's discrimination and that, *as a result*, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action" (emphasis added; citation omitted)).

As to Plaintiff's request to amend her complaint more generally, Plaintiff brought this case in January 2022 and has already had two opportunities to amend her complaint. The Court previously clearly identified and explained the deficiencies in Plaintiff's first amended complaint. *See generally Veras I*, 2023 WL 414137. Plaintiff's Second Amended Complaint fails to adequately address the identified deficiencies, and – other than the retaliation allegations that the Court has addressed above – Plaintiff has not identified additional facts or allegations that she would plead in a third amended complaint. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint."). Granting Plaintiff further leave to amend at this point in the litigation would also unduly prejudice Defendants, who have been litigating this case at the pleading stage for several years now. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied based on "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment"). Therefore, Plaintiff's request for leave to amend the Second Amended Complaint is denied.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections. Defendants' motion to dismiss is GRANTED, and Plaintiff's request for leave to amend is

DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 92 and CLOSE

the case.

Dated: July 17, 2024
        New York, New York

                                        SO ORDERED.


                                        _____
                                        JENNIFER L. ROCHON
                                        United States District Judge